IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON ODOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-01008 |
| NASHVILLE METRO POLICE DEPT., et al., | ) ) JUDGE RICHARDSON ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Odom, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On April 8, 2021, the Court granted Plaintiff permission to proceed with his lawsuit in forma pauperis but determined that his complaint improperly joined claims and parties in a manner not permitted by the Federal Rules of Civil Procedure. (Doc. No. 7.) Accordingly, the Court ordered Plaintiff to elect his cause of action and file an amended complaint within 30 days. (*Id.* at 5.) The Order expressly cautioned Plaintiff that failure to comply would result in appropriate action by the Court, "including sua sponte dropping of parties or severing of claims pursuant to Rule 21." (*Id.*)

More than 30 days have passed with no further action by Plaintiff. Accordingly, the Court will consider only Plaintiff's claim against his first named Defendant—the "Nashville Metro Police Dept.," properly referred to as the Metropolitan Nashville Police Department (hereinafter, "MNPD")—and will drop all other Defendants and claims from this action. Fed. R. Civ. P. 21. All Defendants other than MNPD are therefore **DISMISSED** without prejudice to Plaintiff's

prerogative to file separate lawsuits against them if he so chooses.

The Court still must conduct an initial review of Plaintiff's claim against MNPD under 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss any complaint filed in forma pauperis if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff states that his "claim against [MNPD] is municipal liability, obstructing justice, illegal search and seizure [and] malicious abuse of prosecution." (Doc. No. 1 at 5.) He alleges that MNPD "violated its own policy" as well as his civil rights by ordering Officer Cheng to arrest him

on July 29, 2020, for automobile theft. (*Id.* at 5, 7.) Plaintiff alleges that he was simply sitting in the car with the keys in his possession, waiting for an individual named Shah to return after securing "drugs for us to use," when Officer Cheng "arrested [him] stating that the car was stolen and the owner is not in state and that someone else is gonna prosecute/press charges." (*Id.* at 7.) He claims that his arrest and subsequent prosecution for stealing a car that did not belong to Shah or any other Tennessee resident violated his Fourth Amendment rights and MNPD policy. (*Id.*) Plaintiff states that Officer Cheng "admitted in open court that [MNPD] can't do this illegal act," and that because "only the owner can prosecute about the car," it was obstruction of justice to charge him with theft "instead of joy riding." (*Id.* at 8–9.) He seeks an award of punitive damages in an undisclosed amount from MNPD. (*Id.* at 6.)

The first defect in Plaintiff's complaint against MNPD is that a police department is not a "person" that can be sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). But since Plaintiff explicitly pursues a theory of municipal liability, the Court will construe his claims against MNPD (liberally, as required) as though they were brought against the City of Nashville/Davidson County, which is a proper defendant under Section 1983. *See Matthews*, 35 F.3d at 1049; *Mathes*, 2010 WL 3341889, at *1–3.

"To plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*,

3

892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff properly claims that the Fourth Amendment protects him against false arrest and malicious prosecution. *See Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)). However, he makes no claim of a municipal policy of falsely arresting or maliciously prosecuting suspected car thieves. Indeed, Plaintiff alleges that, in taking these actions despite the out-of-state owner not pressing charges, MNPD violated, rather than effectuated, the applicable policy in place. (Doc. No. 1 at 5.) In the absence of any plausible allegation that a municipal policy caused Plaintiff's harm at the hands of the MNPD, he has failed to state a claim that supports the City of Nashville/Davidson County's liability under Section 1983.

Plaintiff's complaint against Defendant MNPD is therefore **DISMISSED** for failure to state a claim upon which relief can be granted. This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Any appeal from this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE